**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:19-CR-110-2-ADA** |
| | § | |
| **DEANGELO HERNANDEZ** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. **§** 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### **I.   PROCEDURAL BACKGROUND**

The Defendant was convicted of Carjacking and Aiding and Abetting, in violation of 8 U.S.C. § 2119(1) and 18 U.S.C § 2. The Defendant was sentenced to sixty-three (63) months imprisonment and a three (3) years term of supervised release. The Defendant was released to supervision on October 17, 2023. On September 20, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the

1

Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated mandatory condition #3 which states the defendant shall refrain from any unlawful use of a controlled substance, namely Marijuana.
>
> **Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Marijuana.
>
> **Violation Number 3:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Marijuana.
>
> **Violation Number 4:** The defendant violated mandatory condition number 7, in that since on or about March 13, 2024, he has failed to pay restitution as ordered by the Court.
>
> **Violation Number 5:** The defendant violated mandatory condition number 1, in that, on or about September 13, 2024, in Temple, Bell County, Texas, the defendant did knowingly or intentionally deliver, possess with intent to deliver, or manufacture with intent to deliver a substance or device designed to falsified drug test results in violation of Texas Health & Safety Code § 481.133, a class A Misdemeanor.
>
> **Violation Number 6:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Marijuana.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 through 6. Additionally, the petition contained a sufficient factual basis to support the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE as to the allegations underlying violations 1 through 6.

3.  The Defendant had both a factual and rational understanding of the proceedings against him.

4.  The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.  The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.  The Defendant was sane and mentally competent to stand trial for these proceedings.

7.  The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.  The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.  The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 6.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

13. The petition contains a sufficient factual basis to Defendant's pleas of TRUE to violation numbers 1 through 6.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked, and Defendant sentenced to three (3) months imprisonment with credit for time served, and two (2) years of supervised release to follow. If Defendant has any additional petitions to revoke his supervised release in this matter and if it is at all possible, Defendant is to be brought before the undersigned for any future supervised release revocation hearing in this case.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of October, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE